## In re AIMCO, INC., FAIR LABOR STANDARDS ACT LITIGATION.

### MDL No. 1915.

United States Judicial Panel on Multidistrict Litigation.

Feb. 14, 2008.

**1346**

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN * and ANTHONY J. SCIRICA, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \***: Plaintiffs in all actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of District of Columbia. Defendants Apartment Investment and Management Co.; NHP Management Co.; AIMCO/Bethesda Holdings, Inc.; and AIMCO Properties, L.P. (collectively AIMCO) oppose the motion.

This litigation currently consists of three actions each in the Northern District of California and District of Maryland, respectively, and one action each in twenty other districts throughout the nation as listed on Schedule A. Plaintiffs are or were employed as hourly-paid maintenance workers by AIMCO in various apartment communities throughout the country who had opted into a conditionally certified collective action in the District of District of Columbia action before the Panel. After the court in that action granted the defen-

dants' motion to decertify, plaintiffs filed the remaining 25 actions encompassed by their motion for transfer.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Discovery on common factual issues occurred in the underlying action, which gave rise to the other actions presently before the Panel following decertification. The proponents of centralization have failed to convince us that any remaining and unresolved common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. The common counsel in all actions can avail themselves of alternatives to transfer that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.

## SCHEDULE A

**MDL No. 1915 — IN RE: AIMCO, INC., FAIR LABOR STANDARDS ACT LITIGATION**

*Northern District of Alabama*

> *Paul Bone, et al. v. Apartment Investment & Management Co., et al.,* C.A. No. 2:07–1311

*District of Arizona*

> *Kevin Boland, et al. v. Apartment Investment & Management Co., et al.,* C.A. No. 2:07–1370

---

* Judge Hansen took no part in the decision of this matter.

Northern District of California

Joseph Dominguez, et al. v. Apartment Investment & Management Co., et al., C.A. No. 3:05–4824

Joseph Dominguez, et al. v. AIMCO Properties, L.P., et al., C.A. No. 3:07–3245

Kenneth Campbell, et al. v. Apartment Investment & Management Co., et al., C.A. No. 3:07–3640

District of Colorado

Mark Hill, et al. v. Apartment Investment & Management Co., et al., C.A. No. 1:07–1492

District of District of Columbia

William T. Chase, et al. v. AIMCO Properties, L.P., et al., C.A. No. 1:03–1683

Middle District of Florida

William Angulo, et al. v. Apartment Investment & Management Co., et al., C.A. No. 3:07–643

Northern District of Georgia

Ricky Thomas, et al. v. Apartment Investment & Management Co., et al., C.A. No. 1:07–1638

Northern District of Illinois

Travis Bishop, Jr., et al. v. Apartment Investment & Management Co., et al., C.A. No. 1:07–3952

Southern District of Indiana

Gable Common, et al. v. Apartment Investment & Management Co., et al., C.A. No. 1:07–921

Western District of Kentucky

Robert Randolph, et al. v. Apartment Investment & Management Co., et al., C.A. No. 3:07–371

District of Maryland

Marvin Barton, et al. v. Apartment Investment & Management Co., et al., C.A. No. 8:06–192

William T. Chase, et al. v. AIMCO Properties, L.P., et al., C.A. No. 8:07–1394

Wendell Aceituno, et al. v. Apartment Investment & Management Co., et al., C.A. No. 8:07–1869

Eastern District of Michigan

Michael Birchett, Jr., et al. v. Apartment Investment & Management Co., et al., C.A. No. 2:07–12939

Western District of Missouri

Johnny Conner, et al. v. Apartment Investment & Management Co., et al., C.A. No. 4:07–502

District of New Jersey

Linda Hulse, et al. v. Apartment Investment & Management Co., et al., C.A. No. 3:07–3256

Southern District of New York

John Galloway, et al. v. Apartment Investment & Management Co., et al., C.A. No. 1:07–6435

Western District of North Carolina

Samuel Crawford, et al. v. Apartment Investment & Management Co., et al., C.A. No. 3:07–274

Southern District of Ohio

Derrick Davis, et al. v. Apartment Investment & Management Co., et al., C.A. No. 1:07–542

Eastern District of Pennsylvania

Gilbert Mitchell, et al. v. Apartment Investment & Management Co., et al., C.A. No. 2:07–2915

*District of South Carolina*

    *Harold Cordle, et al. v. Apartment Investment & Management Co., et al.,* C.A. No. 7:07–2175

*Middle District of Tennessee*

    *Barry Burns, et al. v. Apartment Investment & Management Co., et al.,* C.A. No. 3:07–746

*Eastern District of Texas*

    *Christopher Bell v. Apartment Investment & Management Co., et al., C.A. No. 2:07–291*

*Western District of Virginia*

    *Lawrence Dunbar, et al. v. Apartment Investment & Management Co., et al.,* C.A. No. 3:07–34